**FISCHER & PORTER CO. v. BROOKS ROTAMETER CO. et al.**

**Civ. A. No. 7041.**

United States District Court
E. D. Pennsylvania.

July 18, 1949.

Leonard L. Kalish, Philadelphia, Pa., attorney for plaintiff.

Harry D. Gottlieb, Philadelphia, Pa., attorney for defendants.

KIRKPATRICK, Chief Judge.

The defendant has moved to strike the plaintiff's demand for trial by jury and the answer to the question presented by the motion depends upon whether the action is under Section 67 (R.S.4919) or Section 70 (R.S.4921) of Title 35 U.S.C.A.

The complaint does not ask for an injunction but for a judgment of invalidity, and for damages. The defendant contends that the plaintiff has identified his suit as an action under Section 70 by his prayer for "other and further relief" and by his prayer for an award of reasonable attorney's fees.

As to the first, the plaintiff has asked and will be permitted to amend the complaint by striking out the prayer for other and further relief.

As to the second, unless an attorney's fee can be recovered only in the Section 70 equity proceedings, the defendant's position must be sustained.

The provision in question is "The court may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment on any patent case." It appears for the first time in the Act of 1946 which was enacted as an amendment to Section 70. Because it appears in an act which purports to be an amendment, the defendant says that the word "any" cannot be construed as meaning "all" but must be construed to mean any patent case of the nature dealt with in the section amended, namely, equity suits.

No doubt there have been cases where "any" has been construed to mean less than the whole class. The necessity of avoiding an absurd or obviously unintended result has been the consideration which moved the courts in such cases. There might be a good reason for not wanting to have a jury award the attorney's fee, but in patent cases tried before a jury it will still be the judge who will determine the amount of the fee and I can see no reason in policy or logic why a plaintiff whose judgment has been obtained in a jury trial should be denied this element of damage.

There is no restrictive meaning to be gathered from the use of the word "any" instead of "all". The phrases "any patent case" and "all patent cases" are interchangeable. "Any" means that we are free to choose for consideration each patent case one by one until we have ended by choosing "all". It, therefore, implies totality as plainly as does "all". The only difference is that "any" arrives at totality by a series of choices for consideration, whereas "all" arrives at totality in a single leap.

In addition to the above, it is to be noted that the provision of Section 70 directing the clerks of the courts in which an action is brought to notify the Commissioner of Patents of the parties and patents involved was not a part of R.S.4921 but was introduced by an amendment to that section in 1922 and, so far as I know, it has never been suggested that its general language "any action, suit, or proceeding arising under the patent laws" should be, for that reason, limited to patent cases in equity.

The motion is denied.