**Howard ROSS and Bernard Ross as Trustees for Lena Rosenbaum, Plaintiffs,**

v.

**Robert A. BERNHARD et al., Defendants.**

**No. 65 Civ. 665.**

United States District Court
S. D. New York.

Nov. 3, 1967.

Rosenthal & Gurkin, New York City, for plaintiffs; Pomerantz, Levy, Haudek & Block, Abraham L. Pomerantz, Richard M. Meyer, New York City, of counsel.

Simpson, Thacher & Bartlett, New York City, for defendants Bernhard and others; Lawrence M. McKenna, New York City, of counsel.

Sullivan & Cromwell, New York City, for defendants Clark and others; Cornelius B. Prior, Jr., New York City, of counsel.

Walsh & Frisch, New York City, for defendant Lehman Corp.

McLEAN, District Judge.

This is a stockholders' derivative action by stockholders of The Lehman Cor-

poration against directors of that corporation and against Lehman Brothers, the corporation's broker.* The complaint charges in substance that The Lehman Corporation has paid to Lehman Brothers brokerage commissions which are excessive for a variety of reasons and that the assets of The Lehman Corporation have thereby been wasted. This is said to be a violation of the Investment Company Act of 1940 (15 U.S.C. § 80a–1 *et seq.*). Defendants Clark, Francis, Kircher, Puckett, Reavis, Thornton, and Wilde move to strike plaintiffs' demand for a jury trial.

Whether or not plaintiffs are entitled to a jury trial depends upon the answer to two questions:

■ (1) Does the fact that this is a stockholders' derivative action, a creature of equity, in and of itself deprive plaintiffs of a trial by jury?

■ (2) If not, and if the question of a jury trial is to be viewed as though the corporation were suing, is the action a "suit at common law" within the meaning of the Seventh Amendment?

As to the first question, opposite conclusions were reached in *Richland v. Crandall*, 259 F.Supp. 274 (S.D.N.Y. 1966), and *DePinto v. Provident Security Life Insurance Company*, 323 F.2d 826 (9th Cir. 1963), cert. denied, 376 U.S. 950, 84 S.Ct. 969, 11 L.Ed.2d 970 (1964). In my opinion the *DePinto* view is the correct one. The court there held that although the aid of equity is needed in order to establish the stockholders' right to sue on behalf of the corporation, the claim is that of the corporation and the right to a jury trial is to be judged as though the corporation were suing. This decision gives effect to *Fleitmann v. Welsbach Street Lighting Co.*, 240 U.S. 27, 60 L.Ed. 505 (1916), and *Fanchon & Marco, Inc. v. Paramount Pictures, Inc.*, 202 F.2d 731, 36 A.L.R.2d 1336 (2d Cir.

1953), in which this result was reached in antitrust treble damage actions. I see no reason why this rule should be peculiar to antitrust litigation. I will follow it here.

As to the second question, the allegations of the complaint are controlling. The complaint uses a number of harsh words. It charges that defendants have been guilty of "gross abuse of trust, gross misconduct, willful misfeasance, bad faith, gross negligence and a reckless disregard of their fiduciary duties." The prayer is for a judgment "requiring the defendants jointly and severally to account for and pay to the Corporation for their profits and gains and its losses."

The fact that plaintiffs seek an accounting, a word which smacks of equity, is not determinative. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

Plaintiffs are seeking a money judgment. They ask that defendants "pay" to the corporation defendants' gains and the corporation's loss. The issues are not so complicated as to make it impracticable for a jury to asceratin the amount, if any, to which plaintiffs may be entitled.

It is true that the complaint employs equitable language in alleging that defendant directors have abused their trust and have disregarded their fiduciary duties. But the alleged facts which underlie these conclusions are simply that defendants have caused the corporation to pay out money which the corporation should not have paid, and that in consequence, the corporation is entitled to judgment for those moneys. This diversion of funds is alleged to be a conversion by defendants of the corporate assets. Whatever the law may formerly have been, I am persuaded that recent decisions of the Supreme Court, which have gone far in protecting the right to

---

* The complaint alleges that plaintiffs also sue representatively on behalf of themselves and of other stockholders of The Lehman Corporation similarly situated. Both sides agree, however, that this ac-

tion is actually purely derivative, as the only relief sought is for the benefit of The Lehman Corporation. Consequently, the representative allegation has no bearing upon the issues raised by this motion.

a jury trial under the Seventh Amendment, require the conclusion that this complaint states on behalf of the corporation a claim which is fundamentally legal rather than equitable. *Dairy Queen, Inc. v. Wood, supra*; *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *See also DePinto v. Provident Security Life Insurance Company, supra.*

Defendants' motion is denied.

So ordered.