Edward S. BURGESS, Plaintiff,

v.

GENERAL ELECTRIC COMPANY, Defendant.

Civ. A. No. 757–66.

United States District Court
D. New Jersey,
Law Division.

May 20, 1968.

Lawrence I. Lerner, Newark, N. J., for plaintiff.

Lum, Biunno & Tompkins, by Joseph R. McMahon, Newark, N. J., Laurence B. Dodds, Great Neck, N. Y., I. David Blumenfeld, Lynchburg, Va., of counsel, for defendant.

## OPINION

COOLAHAN, District Judge:

This is a suit for infringement of a patent, wherein the plaintiff seeks:

(a) [A] temporary and permanent injunction restraining the defendant, its officers, agents, attorneys, distributors, workmen and all others in privity with it from making or causing to be made, using or causing to be used, and selling or offering for sales, coaxial cable switches covered by the aforesaid Letters Patent 2,897,313.

(b) [A]n accounting and treble damages, and assessment of costs, and * * * reasonable attorney's fees by reason of defendant's deliberate and willful infringement.

The case is before the court at the present time on defendant's motion to quash plaintiff's demand for a jury trial on all issues.

Very simply, it is the defendant's basic position in propounding this motion that plaintiff is not entitled to a jury trial because his complaint seeks solely equitable relief, namely, an injunction, accounting, treble damages, costs, and attorney's fees. Plaintiff, in opposing the motion, asserts that his request for an accounting is a request for legal relief, citing the United States Supreme Court decision in Dairy Queen Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), which did much to blur the previously sharp distinction between complaints seeking "damages" and those seeking "an accounting."

Initially, it must be noted that, should it be here determined that plaintiff's request for an accounting is in fact a request for legal relief, plaintiff will be entitled to a jury trial on the questions of infringement and patentability raised by the pleadings in this case. See Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). That being the case, the sole issue remaining for determination is whether plaintiff's complaint seeks only equitable relief, or if, on the other hand, his request for an accounting is a request for legal relief. It being the court's view that the plaintiff's complaint, when examined in light of the Dairy Queen case, does seek legal relief, the defendant's motion to quash plaintiff's demand for a jury trial will be denied.

The theory of the Dairy Queen case was, as the Supreme Court pointed out, ambiguous. On one hand, it could have been viewed as an action on a debt allegedly due under a contract, the amount of that debt to be measured by an accounting of defendant's profits. On the other hand, it could have been viewed as an action based on defendant's trademark infringement. Finding it unnecessary to resolve the ambiguity, the Supreme Court held that the claim for an accounting to determine the amount of money owing to plaintiff was a legal claim, irrespective of the fact that the complaint sought "an accounting," a traditional equitable remedy, rather than "damages," the legal remedy. The Supreme Court did not leave the manner by which it determined that plaintiff's claim was legal, rather than equitable, obscure. It pointed out that

the necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is, as we pointed out in Beacon Theatres, the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the "accounts between the parties" are of such a "complicated nature" that only a court of equity can satisfactorily unravel them.

Considering the nature of the specific accounting sought by plaintiff in that case, and finding it to be of an uncomplicated nature, the Supreme Court de-

termined that the "accounting" request in plaintiff's complaint was, effectively, a legal claim, and that plaintiff was entitled to a trial by jury.

It appears that the same is true in the present case. Although the patent issues themselves may be of a complicated nature, there is nothing in the accounting sought by plaintiff which is of such a nature that would render a jury incompetent to determine the specific amount to be awarded; a jury trial will not be barred.

Defendant's reliance on the decision in Robine v. Apco, Inc., 227 F.Supp. 512 (S.D.N.Y.1964), is misplaced. Although the case was decided in 1964, the court was apparently unaware of the *Dairy Queen* decision when it stated:

> This then left merely the issue as to whether there had been an infringement of the patent. This issue was left for determination by the Court since after the first cause of action had been dismissed legal relief was no longer available. No evidence had been offered as to any damages on the second cause of action. In fact, plaintiffs were no longer requesting damages; to the contrary, an accounting was requested.

227 F.Supp. at 516–517.

 Nothing can be more elemental since *Dairy Queen* than the fact that a complaint requesting only "an accounting" cannot automatically be categorized as equitable, and hence bar a jury trial. See King v. United Benefit Fire Ins. Co., 377 F.2d 728 (10th Cir. 1967). Rather, the correct rule of law was stated in the decisions in AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150 (10th Cir. 1965); Swofford v. B & W, Inc., 336 F. 2d 406 (5th Cir. 1964); and Ross v. Bernhard, 275 F.Supp. 569 (S.D.N.Y. 1967)—cases which recognized the fact that the determination as to whether a request for an accounting is equitable is to be made after a consideration of the hardship which a jury would find in calculating the proper amount of money to

be awarded. As was stated in the *Ross* decision:

> Plaintiffs are seeking a money judgment. They ask that defendants "pay" to the corporation defendants' gains and the corporation's loss. The issues are not so complicated as to make it impracticable for a jury to ascertain the amount, if any, to which plaintiffs may be entitled. * * *

> Defendants' motion [to strike the plaintiffs' demand for a jury trial] is denied.

■ Because there is nothing in the accounting sought by the plaintiff which is of such a nature that would render a jury incompetent to determine the specific amount of money to be awarded to plaintiff should it determine the infringement and patentability issues in his favor, the defendant's motion to quash plaintiff's demand for a jury trial on all issues will be denied.

Let an appropriate order be submitted.