**Edward J. KENNEDY, Henry Martinez, Herman Paprzycki and Dominick Stabilito, Appellants,**

**v.**

**LAKSO COMPANY, Inc.**

**No. 17736.**

United States Court of Appeals Third Circuit.

Argued May 22, 1969.

Decided Aug. 15, 1969.

---

Stanley L. Kubacki, Philadelphia, Pa. (John P. Hauch, Jr., Archer, Greiner, Hunter & Read, Camden N. J., Harold S. O'Brian, Jr., Philadelphia Pa., on the brief), for appellants.

S. Augustus Demma, New York City, (John B. Mariano, Wallace Douglas, Gerry & Mariano, Camden, N. J., Burgess, Ryan & Hicks, New York City, on the brief), for appellee.

Before FREEDMAN, SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

FREEDMAN, Circuit Judge.

The issue presented is whether trial by jury is available in a suit for patent infringement which seeks both monetary and injunctive relief.

The complaint, filed on November 29, 1967, claims that defendant infringed plaintiffs' patents for article counting and loading machines. The pleadings show that plaintiffs had licensed their patents to defendant from March 27, 1962 until October 5, 1965, when, according to the plaintiffs, the agreement was terminated. The claim is that defendant thereafter made and sold machines similar to those which it had made under the license. Plaintiffs sought the following relief:

(1) An injunction against the infringement;

(2) An "accounting" for "profits" as well as "damages" resulting from the infringement;

(3) Judgment for $200,000 for the infringement "in case the total profits

made by the sale of the infringing machines do not aggregate that sum;"

(4) Trebling of the damages for infringement;

(5) Surrender for destruction of the infringing machines; and

(6) Recovery of plaintiffs' costs and attorneys fees.

After the pleadings were in, defendant successfully moved to strike the plaintiffs' demand for jury trial, made in the complaint,[1] on the ground that the action was essentially one in equity and therefore was not triable by jury.

Prior to the Patent Act of 1952 (35 U.S.C. §§ 1–293), R.S. § 4919[2] provided a remedy at law for damages for patent infringement, and R.S. § 4921[3] provided the remedy of injunction. In patent cases under R.S. § 4919[4] jury trials were held available because of its provision that "Damages for the infringement of any patent may be recovered by action on the case * * *." The basis of the decisions was that the statutory authorization of an action on the case established a common law remedy which fell within the Seventh Amendment provision that "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved * * *." It

also came to be settled that where suit was brought for equitable relief under R.S. § 4921 there was no right to a jury trial even though damages were also sought for past infringement. The basis for this was the well-established doctrine that once equity assumed jurisdiction it would round out the entire controversy and grant full relief.[5]

 The merger of actions at law and in equity in a single "civil action" under Rule 2 of the Federal Rules of Civil Procedure[6] did not obliterate the distinction between them in determining the right to jury trial. Rule 38(a) preserves inviolate the right to trial by jury "as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States," and Rule 38(b) provides that any "party may demand a trial by jury of any issue triable of right by a jury. * * *"

The rules did not alter the principle that a civil action in the nature of an action at law was triable by jury[7] and one in the nature of an action in equity was not triable by jury. This view of the draftsmen was recognized shortly after the rules went into effect in Bellavance v. Plastic-Craft Novelty Co., 30 F.Supp. 37 (D.D.Mass.1939). The court there held that the rules did not change

1. Rule 38(b) of the Federal Rules of Civil Procedure: "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party."

2. 35 U.S.C. § 67 (1946 ed.).

3. 35 U.S.C. § 70 (1946 ed.).

4. Bereslavsky v. Caffey, 161 F.2d 499 (2 Cir.), cert. denied, 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947); Eastman Kodak Co. v. McAuley, 2 F.R.D. 21, 24 (S.D.N.Y.1941); Bellevance v. Plastic-Craft Novelty Co., 30 F.Supp. 37, 38 (D. Mass.1939).

5. The principle often appears in dictum later cited as authoritative. See Barton v. Barbour, 104 U.S. 126, 133–134, 26

L.Ed. 672 (1881); Innersprings, Inc. v. Joseph Aronauer, Inc., D.C., 27 F.R.D. 32 (1961); Bellavance v. Plastic-Craft Novelty Co., *supra* 30 F.Supp. at 38–39.

6. Rule 2 provides: "There shall be one form of action to be known as 'civil action'."

7. See Packwood v. Briggs & Stratton Corp., 195 F.2d 971 (3 Cir.), cert. denied 344 U.S. 844, 73 S.Ct. 61, 97 L.Ed. 657 (1952), in which we approved judgment n. o. v. after a jury trial because the evidence did not justify the jury's finding of invention and validity; Nachtman v. Jones & Laughlin Steel Corp., 235 F.2d 211 (3 Cir. 1956), cert. denied 352 U.S. 971, 77 S.Ct. 363, 1 L.Ed.2d 324 (1957), affirming 134 F.Supp. 392, 393–394 (W.D.Pa.1955); Bentley v. Sunset House Distributing Corp., 359 F.2d 140, 143 (9 Cir. 1966), and cases there cited.

the prior law and that the plaintiff, who sought injunctive relief under R.S. § 4921, was not entitled as of right to a jury trial.[8]

■ It is in this state of the law that the Patent Act of 1952 was adopted. Various sections of the new Act incorporated the provisions of R.S. § 4919 and § 4921. Section 281 provides a remedy for infringement by civil action, § 283 authorizes injunctions and § 284 provides for recovery of damages. In providing for the recovery of damages for infringement, § 284 goes on to declare: "When the damages are not found by a jury, the court shall assess them. In that event the court may increase the damages up to three times the amount found or assessed." It is clear from this language alone that the draftsmen of the Patent Act of 1952 contemplated that damages would in some cases be determined by a jury. The use of the term "civil action" in § 281 was taken from the Federal Rules of Civil Procedure and used in place of the similar description in § 4919 of an action on the case with the studied understanding by the draftsmen that this would continue the right to jury trial where no equitable relief was sought.[9]

■ We therefore must reject defendant's contention that § 281 of the Patent Act of 1952 expressed an intention to overthrow the well-settled principle that jury trials are available in actions for damages for infringement, simply because it does not reiterate the language of R.S. § 4919 which described such proceeding as an action on the case.

The recognition of the existence of the right to trial by jury in patent infringement actions for damages leaves the significant question whether a jury trial still must be denied if the plaintiff also seeks equitable relief. Since the Patent Act of 1952 was adopted the Supreme Court has given far-reaching recognition and encouragement to the right of jury trial in Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L. Ed.2d 44 (1962), and Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). In Beacon Theatres and Dairy Queen the Supreme Court held that even in a case which in form is equitable the right to a trial by jury must be recognized as to those issues which traditionally are triable at law by a jury.

As a result of the decisions, the doctrine that an action which seeks both damages and equitable relief is predominately equitable and therefore may not be tried by a jury, has been reversed. In Dairy Queen Mr. Justice Black said: "The holding in Beacon Theatres was that where both legal and equitable issues are presented in a single case, 'only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims.' That holding, of course, applies whether the trial judge chooses to characterize the legal issues presented as 'incidental' to equitable issues or not." 369 U.S. at 472–473, 82 S.Ct. at 897. The Supreme Court carried forward this view in Fitzgerald, where it was held error to refuse plaintiff a jury trial of his claim for maintenance and cure coinci-

8. See Bereslavsky v. Kloeb, 162 F.2d 862, 863–864 (6 Cir.), cert. denied 332 U.S. 816, 68 S.Ct. 156, 92 L.Ed. 393 (1947); Bereslavsky v. Caffey, 161 F.2d 499, 500 (2 Cir.), cert. denied 332 U.S. 770, 68 S.Ct. 82, 92 L.Ed. 355 (1947); Railex Corp. v. Joseph Guss & Sons, Inc., 40 F.R.D. 119, 123 (D.D.C.1966).

9. The Revision Notes to § 281 accompanying the Senate Judiciary Report on the Patent Act of 1952 state: "Section 281 serves as an introduction or preamble to the following sections, the modern term civil action is used, there would be, of course, a right to a jury trial when no injunction is sought." Senate Rep. No. 1979, June 27, 1952, Appendix (82d Cong. 2d Sess.), 1952 U.S.Code Cong. & Ad. News, pp. 2394, 2422.

dent with a jury trial of his claims under the Jones Act[10] for negligence and under maritime law for unseaworthiness.[11] The Court based its decision on the fundamental factors of simplicity, utility to litigants and the interest of justice in having one tribunal decide the three claims which in general arise from a unitary set of circumstances. Since Congress has recognized the right to jury trial in the Jones Act negligence claim the Court declared that the jury must also be permitted to try the claims for maintenance and cure and for unseaworthiness.[12]

■ The rule under these decisions has been applied to patent infringement cases and where there are issues which ordinarily would be triable at law before a jury the right to jury trial is not lost because equitable relief also is sought.[13]

■ It follows that no distinction can be drawn which would justify recognition of the right to jury trial for "damages" and its denial in a claim for "profits" on the theory that "damages" are recoverable in an action at law whereas "profits" have their origin in equitable principles which hold the infringer a trust for the patent holder.[14] For whether the patentee's recovery is based upon "damages"—the loss to him, or upon "profits"—the unjust enrichment of the infringer, the underlying issue remains essentially the same—infringement. It is similarly indecisive whether plaintiff affixes the label of "accounting" to the remedy he seeks. For the plaintiff must always establish the amount which he is entitled to recover. While it is true that equity traditionally has had jurisdiction in actions for an accounting, it has always been recognized that there may be a suit for accounting at law and indeed the essential ingredient of equity's jurisdiction has been the complicated nature of the accounting.[15] The claim for an accounting, therefore, does not, on its face, destroy the right to a jury trial now that it is recognized to exist in cases where

10. 46 U.S.C. § 688.

11. The principle articulated in *Beacon Theatres, Dairy Queen* and *Fitzgerald* was not changed by Katchen v. Landy, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), which upheld a bankruptcy court's summary jurisdiction, without jury trial, to compel a claimant to surrender preferences which under the Bankruptcy Act would require disallowance of the claim.

12. "Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactment to try all the claims." 374 U.S. at 21, 83 S.Ct. at 1650. See also Haskins v. Point Towing Co., 395 F.2d 737 (3 Cir. 1968); cf. Ryan Distributing Corp. v. Caley, 51 F.Supp. 377 (E.D.Pa. 1943).

13. See AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150 (10 Cir. 1965) (holding jury trial available where complaint in patent infringement case sought an injunction and an "accounting for damages" or treble damages); Swofford v. B & W, Inc., 336 F.2d 406 (5 Cir.), cert. denied 379 U.S. 962. 85 S.Ct. 653, 13 L. Ed.2d 557 (1964) (jury trial held available in patent infringement case where requested relief included an injunction, an accounting for profits and damages); Thermo-Stitch, Inc. v. Chemic-Cord Processing Corp., 294 F.2d 486, 490–491 (5 Cir. 1961) ("The mere presence of an equitable cause furnishes no justification for depriving a party to a legal action of his right to a jury trial.").

14. See Swofford v. B & W, Inc., *supra* n. 13, 336 F.2d at 410–411.

15. AMF Tuboscope, Inc. v. Cunningham, *supra* n. 13, 352 F.2d at 153; Swofford v. B & W, Inc., *supra* n. 13, 336 F.2d at 410–411; Burgess v. General Electric Co., 285 F.Supp. 788, 789–790 (D.N.J. 1968).

the court itself may also fashion equitable relief.[16]

There is nothing on the present record to indicate that the accounting between the parties in the determination of profits or damages will be so complicated as to be beyond the power of a jury to determine. Indeed, the decision of the District Court was based not upon any complication in accounting, or even on any supposed difficulty in a jury's determination of validity or infringement. It was founded, rather, on the view that since plaintiffs demanded equitable relief the action could not be heard by a jury.

We hold that on the record before us plaintiff is entitled to have a jury decide the factual issue in the case.

■ The claims for treble damages and for counsel fees are outside the range of the right to jury trial. We made clear in Randolph Laboratories, Inc. v. Specialties Development Corp., 213 F.2d 873, 875 (3 Cir.), cert. denied 348 U.S. 861, 75 S.Ct. 91, 99 L.Ed. 678 (1954), that even though damages are found by a jury, their "increase * * * up to three times the amount found" (Patent Act of 1952, § 284) [17] is for the court and not for the jury, as is also the question of counsel fees.[18]

The order of the District Court striking off plaintiffs' demand for jury trial will be reversed and the case remanded for further proceedings in accordance with this opinion.

---

**16.** This subject is discussed in *Dairy Queen* where Mr. Justice Black said: "The respondents' contention that this money claim is 'purely equitable' is based primarily upon the fact that their complaint is cast in terms of an 'accounting,' rather than in terms of an action for 'debt' or 'damages.' But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings. The necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is as we pointed out in *Beacon Theatres*, the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the 'accounts between the parties' are of such a 'complicated nature' that only a court of equity can satisfactorily unravel them." 369 U.S. at 477–478, 82 S.Ct. at 900.

**17.** 35 U.S.C. § 284.

**18.** Swofford v. B & W, Inc., 336 F.2d 406, 413–414 (5 Cir.), cert. denied 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1964); see also, Fischer & Porter Co. v. Brooks Rotameter Co., 86 F.Supp. 502, 503 (E.D.Pa.1949), Kirkpatrick, Ch. J.