**William W. BONNELL et al.**

v.

**COMMONWEALTH REALTY TRUST.**

**Civ. A. No. 70-3523.**

United States District Court, E. D. Pennsylvania.

Sept. 10, 1973.

Michael K. Simon, David Berger, P. A., Philadelphia, Pa., for plaintiffs.

Morris R. Brooke, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

Presently before the Court is the above captioned defendant's motion for a finding under Rule 39 of the Federal Rules of Civil Procedure that no right of trial by jury exists in this particular action. This is an equitable action by a mortgagor to secure from a mortgagee an accounting for monies received while in possession of certain property.

In July of 1962, the defendant, Commonwealth Realty Trust, loaned $1,-000,000 to two Jamaican companies, Golden Head Beach Hotels, Ltd. and Gibraltar Estates Investment Company, Ltd., both of which were owned and controlled by one William W. Bonnell, plaintiff herein. The loan was collateralized by a mortgage to Commonwealth of certain properties in Jamaica belonging to Golden Head and Gibraltar. Additionally, plaintiff William Bonnell and his wife Grace guaranteed payment of the loan to Golden Head and Gibraltar and mortgaged certain additional property to Commonwealth Realty Trust to secure their guarantee.

After making a few interest payments, Golden Head and Gibraltar defaulted on the loan. Since July of 1963, neither Golden Head, Gibraltar nor William Bonnell made any principal or in-

terest payment on the loan. Consequently, Commonwealth Realty Trust was forced to resort to its remedies under the mortgage documents and under the Jamaican Registration of Titles Law in order to realize upon its collateral. With the concurrence of the plaintiff Bonnell, a hotel located on the Golden Head property was leased, and thereafter a receiver was appointed under the Jamaican Registration of Titles Law to collect the rents from this lease and pay them over to Commonwealth Realty Trust. Additionally, several properties were sold in an attempt to reduce the amount of the outstanding loan.

The heart of plaintiffs' complaint in this action may be found in paragraph 14 of the amended complaint.

Plaintiffs believe and, therefore, aver that, as set forth in Paragraphs 12 and 13 hereof, defendant has realized monies far in excess of the amounts due to it as principal and income on the loan set forth in Paragraph 6 hereof.

After asserting their beliefs, the plaintiffs go on to pray for (1) an accounting of what Commonwealth Realty Trust has done with the collateral, (including an examination of certain books and records), (2) an injunction to stop Commonwealth Realty Trust from disposing of any more collateral, and (3) damages (if they are entitled to any).

The basically equitable nature of an action by a mortgagor for an accounting is not changed by the inclusion of a claim for damages. Such a claim only restates the basic equitable action, and in no way creates a right to trial by jury. Indeed it would make no sense if a claim for damages could change an equitable action into one at law. Damages can only be determined *after* an accounting of whether or not money is owed to or from a mortgagor. Therefore, the Court will enter the following Order.

## ORDER

And now, to wit, this 10th day of September, 1973, it is Ordered that the defendant's motion for a finding under Rule 39 of the Federal Rules of Civil Procedure that no right of trial by jury exists respecting this action be and the same is hereby granted.

It is further Ordered that the plaintiffs' demand for a jury trial be and the same is hereby stricken.

It is further Ordered that plaintiffs' request that this Court certify this Order for an immediate appeal pursuant to 28 U.S.C. § 1292(b) be and the same is hereby denied.

It is so ordered.