See also, D.C., 363 F.Supp. 1392.

**William W. BONNELL et al.,**

v.

**COMMONWEALTH REALTY TRUST.**

**Civ. A. No. 70–3523.**

United States District Court,
E. D. Pennsylvania.

June 28, 1974.

Michael K. Simon, David Berger, Philadelphia, Pa., for plaintiffs.

Morris R. Brooke, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

NEWCOMER, District Judge.

This case was tried non-jury and judgment was entered in favor of defendant. Plaintiffs have moved for a new trial on a number of grounds, the most important being the Court's decision not to allow the case to be tried to a jury. Plaintiffs' motion will be denied for the reasons stated below.

Plaintiffs move for a new trial on four grounds: the Court's denial of their eve-of-trial discovery; the Court's refusal to enforce their subpoena duces tecum, served at trial; the Court's failure to shift the burden of proof to defendant; and finally, the Court's striking of plaintiffs' jury demand and subsequent dismissal without prejudice of defendant's counterclaim. We will deal with each of plaintiffs' contentions in the order given above.

### Discovery

The present action was a claim by a mortgagor in default for an accounting by the mortgagee of the proceeds of the mortgaged properties. The mortgaged properties are located in Jamaica and suit was brought under and governed by Jamaican (Commonwealth) law. Plaintiffs claimed that defendant had failed to exercise due care or good faith in its sale of some of the mortgaged properties, and that this failure had resulted in a less than fair market price.

Suit was brought in 1970. On May 15, 1973, plaintiffs served upon defendant a "second set" of interrogatories and a request for a substantial number of its documents. Much of the material requested had already been furnished in response to a March, 1971 discovery request by plaintiffs. The Court, believing that further discovery was not warranted in view of the two and one half years that had elapsed since the filing of the action and a trial date which was not far in the future, refused to

grant plaintiffs' motion to compel this discovery. A similar decision was reached concerning plaintiffs' "Amended Second Set of Interrogatories."

### Subpoena Duces Tecum

■ On the eve of trial, plaintiffs served the custodian of defendant's records with a subpoena duces tecum. Plaintiffs' subpoena demanded the production at trial of:

"All documents relating to any lease, or sale, solicitations of interest, expressions of interest, offers, attempts at sale, or other disposition of the mortgaged property pledged to Commonwealth Realty Trust ("Commonwealth") pursuant to a mortgage, mortgage debenture, and guarantees executed by plaintiffs in August, 1962 in consideration of a loan from Commonwealth to plaintiffs, including but not limited to Gibraltar Estates, and Golden Head Beach Hotel; and all documents relating to negotiations and agreements involving this property."

"All corporate records of Commonwealth referring to the Commonwealth's loan to Plaintiffs including but not limited to its annual reports, financial statements, filings with the SEC, press releases and notices to stockholders, and Minutes of the meetings of its Trustees or Committees."

All of the documents sought in the first paragraph of plaintiffs' subpoena were the subject of a formal request for production of documents filed by plaintiffs in February, 1971. All of these documents were produced by Commonwealth for plaintiffs' inspection in March and April, 1971.

The remaining documents sought in the subpoena, namely, "all corporate records of Commonwealth referring to Commonwealth's loan to plaintiffs including annual reports, financial statements, filings with the SEC, press releases, notices to stockholders, and min-utes of meetings of [Commonwealth's] Trustees or Committees," to the extent such documents were in Commonwealth's files, were voluntarily supplied to plaintiffs, at the Court's direction, at trial.

■ Plaintiffs claim that they were prejudiced to the degree requiring a new trial by defendant's failure to produce its stockholders list for the year in question (1965). First, it should be noted that plaintiffs' subpoena does not request such stockholders list. Second, it was represented to the Court by defendant that the list, which had been kept on a computer print-out, was no longer in existence. Thus, even if the failure to grant the subpoena was error, plaintiffs were not thereby denied any material evidence.

### Wrongful Burden

■ Plaintiffs claim that having alleged the existence of a conspiracy, with defendant as one of its members, to defraud plaintiffs, the burden should have shifted to defendant to show that its sales of the mortgaged properties were fair and reasonable. Plaintiffs base this argument on the case of Hodson v. Deans, 3 Ch. 647 (1903), where the Court stated:

"Fraudulent conspiracy amongst all defendants has not been proved, but the result of the evidence has been to make me distrust all the persons who were mixed up in the sale. I think the plaintiff has not been fairly and honestly treated with." 3 Ch. at 653.

To begin with, this case hardly stands for the proposition that evidence of conflicts of interest shifts to the defendant the burden of proving the fairness of any sale. Second, this Court found, as a conclusion of law, that defendant had shown that its sales of the mortgaged properties realized those properties' true market value. (Conclusion of Law No. 13). Thus, even assuming this Court misconstrued the incidence of the burden of proof in this case, plaintiffs would not be entitled to a new trial.

*Striking of Plaintiffs' Demand for a Jury Trial*

Plaintiffs have asserted that they are entitled to a jury trial of this matter from the time of institution of suit in 1970 until the present. Their jury trial demand was stricken by this Court under Rule 39 of the Federal Rules of Civil Procedure on September 10, 1973. Bonnell v. Commonwealth Realty Trust, D.C., 363 F.Supp. 1392. Plaintiffs claim that the Court's ruling violated their Seventh Amendment right to a trial by jury.

The Court's decision to strike was based on the nature of plaintiffs' claim, which was an action to secure an accounting from a mortgagee for monies received while in possession of the mortgaged properties, long recognized as an equitable action. 2 Jones on Mortgages § 1426 (1115) (8th Ed. 1928). The fact that plaintiffs' prayer for relief included a request for "damages" as well as one for an accounting does not change the equitable nature of their claim. Plaintiffs' claim for damages was spurious since it could not have been brought independent of an action for an accounting and would not have entitled plaintiffs to anything more than what would be owed them were the accounting to reveal an excess of revenues over the mortgage amount. While this Court was aware at the time it struck the jury of the holding that an action presenting both legal (jury) and equitable (non-jury) issues should first be tried to the jury, Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), we felt this rule did not apply when the "legal" issues, assuming them to be valid, were incapable of resolution without the prior determination of the equitable issues.

Admittedly, however, this Court's decision to strike was erroneous at the time it was entered because of the presence of defendant's counterclaim for judgment on the mortgage agreement; an action indisputably legal in nature.

The existence of a legal counterclaim mandated a jury trial of all the issues including those raised by plaintiffs' complaint. Beacon Theatres, Inc. v. Westover, cited *supra*; Dairy Queen, Inc. v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). However, defendant's withdrawal of its counterclaim (without prejudice) before trial cured any error in the Court's decision to strike. Plaintiffs assert that the Court should have preserved their jury even though the counterclaim was dismissed, or, alternatively, should have dismissed the counterclaim with prejudice. The simple answer to this is that defendant's counterclaim was not—and still is not—ripe for adjudication. Defendant may not recover a deficiency judgment against either the corporation plaintiffs or plaintiff Bonnell until all the properties which defendant foreclosed on have been sold. Otherwise, any deficiency judgment in favor of defendant might be subject to change at any time in the future. As defendant's counsel stated at the hearing on plaintiffs' new trial motion, the counterclaim was filed in the hopes that the mortgaged properties remaining in defendant's possession could be disposed of before trial. When it became evident that these properties could not be sold before trial, defendant had no choice but to seek the dismissal of its counterclaim as premature.

Plaintiffs have advanced a number of cases in support of their proposition that a jury trial was required even absent defendant's counterclaim. Kennedy v. Lakso, 414 F.2d 1249 (3rd Cir. 1969); Swofford et al. v. B&W, Inc., 34 F.R.D. 15 (S.D.Tex.1963), aff'd, 336 F.2d 406 (5th Cir., 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557. Both of these cases involved suits for patent infringement. In *Kennedy,* the Court held that the Patent Act of 1952 was not intended to overthrow the longstanding practice of jury trials in actions for damages for infringement. The Court declared that a suit for an accounting

under these circumstances does not defeat the right to a jury trial since:

> "While it is true that equity traditionally has had jurisdiction in actions for an accounting, it has always been recognized that there may be a suit for accounting at law. . . ." 414 F. 2d at 1253.

In a similar vein, the District Court in *Swofford* declared that the mere use of the term "accounting" did not tip the scales against a jury. The District Court noted that:

> "The [Supreme] Court in *Dairy Queen* [369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962)] even found a legal issue in the request for an accounting, in effect stripping from that word its former exclusively equitable connotation [citations omitted]." 34 F.R.D. at 19.

Neither the above decisions, nor the Supreme Court's decision in *Dairy Queen,* cited *supra,* mandates a jury trial in this case. These cases merely hold that a request for an accounting as a form of relief does not, by itself, provide a negative answer to the question of whether a jury trial is required. All three of these cases were actions for an accounting at law. Each Court rejected the theory that plaintiff's legal remedy

was inadequate because an accounting would be too complicated a procedure for the jury to perform.[1] However, in the present case there were no legal remedies available to plaintiffs; their cause of action, as well as the remedy available to them, was exclusively equitable.