

### ORDER

Donald I. Robinson, Robinson, Wayne, Levin, Riccio & LaSala, Newark, N.J., and Raymond I. Geraldson, Jr., Pattishall, McAuliff & Hofstetter, Chicago, Ill., for plaintiff.

John L. McGoldrick, McCarter & English, Newark, N.J., and Ronald S. Kadden, Von Maltitz, Derenberg, Kunin & Janssen, New York City, for defendant.

## AMERICAN CYANAMID COMPANY, Plaintiff,

v.

## STERLING DRUG, INC., Defendant.

### Civ. A. No. 83–431 (AJL).

United States District Court, D. New Jersey.

Dec. 15, 1986.

LECHNER, District Judge.

This action based on trademark infringement is brought by the makers of the household cleaning product, "Pine-Sol," against the makers of a similar product, "Lysol Pine Action." It appears the central ingredient in each of these household cleaning products is pine oil. The complaint charges defendant with trademark infringement and breach and frustration of purpose of an agreement entered into by the parties in 1967. Plaintiff has demanded a trial by jury. Defendant has moved to strike the jury demand on the ground the claims asserted are equitable by nature and thus afford plaintiff no right to trial by jury.

*Facts*

Plaintiff, American Cyanamid Company ("American Cyanamid"), is a Maine corpo-

---

ration with its principal place of business located in Wayne, New Jersey. Defendant, Sterling Drug, Inc. ("Sterling Drug"), is a Delaware corporation having its principal place of business in New York, New York. Jurisdiction is asserted on the basis of diversity of citizenship, 28 U.S.C. § 1332, and under the trademark laws of the United States, 15 U.S.C. § 1121 and 28 U.S.C. § 1338.

Since at least 1950, the parties or their predecessors in interest have sold competing household cleaning and disinfectant products. Agreements between the parties, the first entered into in 1956 and the second in 1967, have established at least some of the terms and conditions governing the manufacture and sale of certain of these products. The 1967 agreement focuses primarily on American Cyanamid's manufacture and sale of, and use of the tradename for, its "Pine-Sol" product, a wall and floor cleaner for which American Cyanamid holds one or more registered trademarks.

On February 7, 1983, American Cyanamid filed its original complaint in this action against Sterling Drug. As amended on April 26, 1983, the complaint alleges Sterling Drug has begun to advertise and sell a pine oil cleaner, "Lysol Pine Action" in direct competition with American Cyanamid's "Pine-Sol." The amended complaint charges Sterling Drug with: (1) consumer fraud and deceptive business practices;[1] (2) trademark infringement; (3) breach of contract; and (4) frustration of the purpose of the 1967 agreement. The amended complaint, as filed, sought: (1) a permanent injunction against further trademark infringement; (2) an accounting and payment of all profits derived by Sterling Drug's wrongful acts; (3) treble damages;[2] (4) costs; and (5) provisions to assure Sterling Drug's compliance with the injunction.

Crucial for purposes of the pending motion are three clauses in the amended complaint's prayer for relief. The second paragraph of the prayer asks that: "Defendant, be required as trustee *ex maleficio*, to account for and pay over to plaintiff all profits derived by defendant for its aforesaid wrongful acts." The third paragraph of the prayer asks that: "Defendant be required to pay to plaintiff treble the amount of damages incurred by plaintiff by reason of defendant's aforesaid wrongful acts."[3] The eighth paragraph of the prayer asserts: "A trial by jury is demanded for all issues triable by jury."

By notice of motion, filed October 31, 1986 and argued on December 2, 1986, Sterling Drug has moved to strike American Cyanamid's request for a jury trial. Sterling Drug contends American Cyanamid has no constitutional right to a jury trial because all of American Cyanamid's claims, and the various forms of relief sought thereunder, are equitable by nature. Since the Seventh Amendment protects the right to a jury trial only for legal claims and relief, Sterling Drug argues the jury demand must be rejected.[4] American Cyanamid counters that its request for an accounting of the profits earned by Sterling Drug, and the paying over of such amounts, is in essence a legal claim and thus supports its request for a jury trial. Because I find the remaining claims of American Cyanamid seek purely equitable relief, the motion to strike the jury demand is granted.

*Discussion*

The Federal Rules of Civil Procedure provide: "The right of a trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed.R.Civ.P. 38(a). The

---

1. This count was dismissed by consent order, filed December 19, 1985.

2. The request for treble damages has been waived by American Cyanamid (Harrison Aff., Ex. C); the record should be so conformed by the filing of an appropriate consent order.

3. As indicated, this form of relief is no longer sought by American Cyanamid.

4. Sterling Drug also asserts the Lanham Act, 15 U.S.C. § 1051 *et seq.*, provides no right to a jury trial.

Seventh Amendment provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." The right to a jury trial has been interpreted to attach in suits asserting legal claims as opposed to suits asserting claims of equity, admiralty and maritime jurisdiction. *See Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 445–46, 7 L.Ed. 732 (1830). The Supreme Court has further interpreted the Seventh Amendment as requiring, in actions where both legal and equitable issues are presented, "that any legal issues for which a trial by jury is timely and properly demanded be submitted to a jury." *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 473, 82 S.Ct. 894, 897, 8 L.Ed.2d 44 (1962), *citing, Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).

Insofar as the amended complaint seeks injunctive relief, it is equitable by nature. The issue presented by this motion, therefore, is whether American Cyanamid's claim for an accounting and restitution of Sterling Drug's allegedly unlawful profits sounds in law and thus warrants a jury trial. The clause at issue, to reiterate, provides: "Defendant, be required as trustee *ex maleficio,* to account for and pay over to plaintiff all profits derived by defendant for its aforesaid wrongful acts." Sterling Drug advances a technical argument, rooted in historical distinctions between actions at law and equity, that an action seeking an "accounting for profits," as distinct from an action seeking an "accounting for damages," is purely equitable and therefore carries no right to a jury trial. American Cyanamid counters that controlling case law does not treat such claims so technically and, because its claim seeks essentially legal relief—i.e. a monetary recovery—the right to a jury trial is preserved. Sterling Drug responds that the case law relied upon by American Cyanamid is inapposite since those cases, unlike the case at bar, specifically involved claims for damages.

The issue before the Court is difficult since the distinction upon which American Cyanamid's right to a jury trial depends is founded not upon any logical rationale *per se,* but rather upon an historical anomaly incorporated into the Constitution by way of the Seventh Amendment. The question presented, therefore, is not whether it makes any inherent sense to try American Cyanamid's claim to a jury but rather whether, as an historical matter, American Cyanamid's claim would have been submitted to a jury.

The parties do not disagree that if this action were seeking only an injunction, it would be purely equitable and not entitle American Cyanamid to a jury trial; nor do they disagree that if the action were seeking only money damages for breach of contract, it would be purely legal and entitle American Cyanamid to a jury trial. The parties do disagree, however, whether in this action, where plaintiff is seeking an accounting and recovery of allegedly unjust profits, the claim might properly be classified as a legal claim triable to a jury.

Sterling Drug points out that courts and commentators have recognized actions seeking an accounting and recovery of unjust profits, as an historical matter, to be equitable actions. As noted by the Supreme Court in *Hamilton-Brown Shoe Co. v. Wolf Bros. & Co.,* 240 U.S. 251, 259, 36 S.Ct. 269, 272, 60 L.Ed. 629 (1916) (citations omitted):

> The right to use a trade-mark is recognized as a kind of property, of which the owner is entitled to the exclusive enjoyment to the extent that it has been actually used.... The infringer is required in equity to account for and yield up his gains to the true owner, upon a principle analogous to that which charges a trustee with the profits acquired by wrongful use of the property of the *cestui que trust.* Not that equity assumes jurisdiction upon the ground that a trust exists.... [T]he jurisdiction must be rested upon some other equitable ground—in ordinary cases, as in the present, the right to an injunction—but the court of equity, having acquired jurisdiction upon such a ground, retains it for the purpose

of administering complete relief, rather than send the injured party to a court of law for his damages. And profits are then allowed as an equitable measure of compensation, on the theory of a trust *ex maleficio.*

*See also Roberts v. Sears, Roebuck & Co.,* 617 F.2d 460, 465 (7th Cir.1980) ("Restitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury.").

Professor Moore's treatise recognizes a claim for restitution of ill-gotten gains as equitable and not entitled to a jury trial: "In equity, restitution is usually thought of as a remedy by which defendant is made to disgorge ill-gotten gains or to restore the status quo, or to accomplish both objectives. It may be ancillary or incidental to another form of remedy or it may be the only remedy that is sought.... When restitution is sought in the form and in the situations allowed in equity prior to the Rules or authorized by valid statute there is no right to jury trial." 5 *Moore's Federal Practice* ¶ 38.24[2] at 38–195, 38–196 (citations omitted). *See also* Dobbs, *Handbook on the Law of Remedies* § 4.3 at 252–53 (1973) (equitable accounting for profits); Pomeroy, IV *Equity Jurisprudence,* § 1420 (1941) (equitable actions for an accounting). Sterling Drug urges that this action, in which American Cyanamid seeks allegedly unjust profits from it "as trustee *ex maleficio,*" falls within the classification of actions historically treated as equitable.

The issue is complicated by language in *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962), and subsequent cases suggesting the equitable/legal distinction need not be carefully maintained in considering requests for jury trials. In *Dairy Queen,* the Supreme Court considered whether the complaint in a trademark infringement action presented legal claims triable to a jury. The complaint sought: "(1) temporary and permanent injunctions to restrain petitioner from any future use of or dealing in the franchise and the trademark; (2) an accounting to determine the exact amount of money owing by petitioner and a judgment for that amount; and (3) an injunction pending accounting to prevent petitioner from collecting any money from 'Dairy Queen' stores in the territory." *Id.* at 475, 82 S.Ct. at 898.

The key issue addressed by the Supreme Court in *Dairy Queen* for purposes of the case at bar is whether the claim for an accounting and judgment for money owing was legal and could thus support a jury demand. The complaint in the case was apparently unclear whether plaintiff sought the money judgment for breach of a licensing contract or for trademark infringement. The Supreme Court found it unnecessary to resolve the ambiguity:

We find it unnecessary to resolve this ambiguity in the respondents' complaint because we think it plain that their claim for a money judgment is a claim wholly legal in its nature however the complaint is construed. The respondents' contention that this money claim is "purely equitable" is based primarily upon the fact that their complaint is cast in terms of an "accounting," rather than in terms of an action for "debt" or "damages." But the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings.

*Id.* at 477–78, 82 S.Ct. at 899–900. The Court went on to hold that except where an action presents "purely equitable" claims or where a legal action involves " 'accounts between the parties' ... of such a 'complicated nature' that only a court of equity can satisfactorily unravel them," *id.* at 478, 82 S.Ct. at 900 (citing *Kirby v. Lake Shore & Michigan Southern & Co.,* 120 U.S. 130, 134, 7 S.Ct. 430, 432, 30 L.Ed. 569 (1887)), a timely demand for a jury trial may not be denied.

In *Kennedy v. Lakso Co.,* 414 F.2d 1249 (1969), the Third Circuit relied upon *Dairy Queen* to uphold the plaintiff's demand for a jury trial in a suit for patent infringement. Among the relief sought was "[a]n 'accounting' for 'profits' as well as 'damages' resulting from the infringement."

*Id.* at 1250. After citing *Dairy Queen,* the Third Circuit discussed at length the absence of a justification for recognizing technical distinctions in the pleadings when addressing jury demand questions:

It follows that no distinction can be drawn which would justify recognition of the right to jury trial for "damages" and its denial in a claim for "profits" on the theory that "damages" are recoverable in an action at law whereas "profits" have their origin in equitable principles which hold the infringer a trust for the patent holder. For whether the patentee's recovery is based upon "damages"—the loss to him, or upon "profits" —the unjust enrichment of the infringer, the underlying issue remains essentially the same—infringement. It is similarly indecisive whether plaintiff affixes the label of "accounting" to the remedy he seeks. For the plaintiff must always establish the amount which he is entitled to recover. While it is true that equity traditionally has had jurisdiction in actions for an accounting, it has always been recognized that there may be a suit for accounting at law and indeed the essential ingredient of equity's jurisdiction has been the complicated nature of the accounting. The claim for an accounting, therefore, does not, on its face, destroy the right to a jury trial now that it is recognized to exist in cases where the court itself may also fashion equitable relief.

*Id.* at 1253–54 (footnotes omitted). Other courts have upheld, or recognized, the right to a jury trial in analogous situations. *See, e.g., Tandy Corp. v. Malone & Hyde, Inc.,* 769 F.2d 362, 364 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 2277, 90 L.Ed.2d 719 (1986) ("Despite this pervasive equity background, the damages or accounting aspect of trademark infringement actions are considered legal actions for purposes of the jury trial clause of the Seventh Amendment."); *Swofford v. B & W, Inc.,* 336 F.2d 406, 410–11 (5th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 653, 13 L.Ed.2d 557 (1965) (jury request upheld in patent infringement action where plaintiff requested, *inter alia,* an accounting for profits and damages); *L.L. Bean, Inc. v. Drake Publishers, Inc.,* 629 F.Supp. 644 (D.Me.1986) (trademark infringement action seeking profits and damages); *Burgess v. General Elec. Co.,* 285 F.Supp. 788 (D.N.J.1968) (jury demand upheld in patent infringement action seeking, *inter alia,* an accounting and damages).

Sterling Drug points out that in *Dairy Queen, Kennedy* and the other cases relied upon by American Cyanamid, the plaintiff was seeking both damages and unlawful profits from alleged patent or trademark infringements. In *Dairy Queen,* the complaint sought recovery of "the exact amount of money owing" by virtue of the alleged infringement. *Dairy Queen,* 369 U.S. at 475, 82 S.Ct. at 898. The Supreme Court implicitly recognized such a claim as seeking either damages or unjust profits. In *Kennedy,* the plaintiff sought " 'profits' as well as 'damages' resulting from the infringement." *Kennedy,* 414 F.2d at 1250. In *Tandy Corp.,* the plaintiff sought "damages and injunctive relief." *Tandy Corp. v. Malone & Hyde, Inc.,* 581 F.Supp. 1124, 1125 (D.Tenn.1984). In *Swofford,* the plaintiff sought injunctive relief, profits and damages. *Swofford,* 336 F.2d at 408. Only in *AMF, Inc. v. National Boat Works, Inc.,* 192 U.S.P.Q. 81 (M.D.N.C. 1975), a non-persuasive opinion in which the decision was unexplained, was a jury demand upheld absent a request for damages.

The provisions of the Lanham Act at issue in this case clearly allow a victim of trademark infringement to recover the defendant's wrongful profits and/or the damages suffered by the plaintiff. 15 U.S.C. § 1117 provides: "[T]he plaintiff shall be entitled ... to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." Thus the statute itself recognizes as distinct claims for profits and claims for damages.

In the case at bar, American Cyanamid originally sought recovery of both the damages it suffered and Sterling Drug's profits derived from the alleged infringement on

its trademark. (Amended Complaint, Prayer for Relief, ¶¶ 2, 3.) American Cyanamid has amended its prayer for relief to waive the claim for recovery of its damages. (Harrison Aff., Ex. C.) Thus, unlike plaintiffs in the cases it relies upon, American Cyanamid has limited its recovery only to Sterling Drug's allegedly unjust profits.

As counsel for Sterling Drug indicated at oral argument, a claim for damages seeks, and should be recognized as seeking, relief different from a claim for unjust profits. It is quite possible a plaintiff seeking unjust enrichment from a defendant may not have been damaged at all by the defendant's wrongful actions. In a trademark infringement action, for example, a plaintiff may actually have benefitted from a defendant's advertising or promotion of a product similar to plaintiff's product because of increased consumer demand for the product. In such a case, the plaintiff may not have suffered any damages; yet the law still entitles him to recover the defendant's wrongful profits. Thus, because a claim for profits seeks relief recognized by the Seventh Amendment as fundamentally different from a claim for damages, the cases relied upon by American Cyanamid—involving claims for both damages and unjust profits—cannot be interpreted as blurring the two claims and rendering legal an otherwise purely equitable claim for profits.

The distinction between American Cyanamid's claims for damages and profits is not simply semantic. What does American Cyanamid give up by abandoning its claim for damages—the right to prove an injury for which, if infringement is proved, the law allows recovery of damages. Although American Cyanamid seeks money, it does not seek money for its injury; rather, it seeks the amount by which Sterling Drug was enriched from infringing on American Cyanamid's trademark. In substance, American Cyanamid seeks a determination whether Sterling Drug was enriched because of an infringement and, if so, an order requiring restitution of such money from Sterling Drug to American Cyanamid. These demands are equitable in nature. Accordingly, the determination of whether there is a right to a jury trial in this case is not decided merely on the choice of the words or phrasing used in the pleadings.

### Conclusion

Because American Cyanamid's claims in this action seek purely equitable relief, its demand for a jury trial must fall. I shall sign and enter the order submitted by counsel for Sterling Drug.