**G.A. MODEFINE S.A., Giorgio, Armani Fashion Corporation, and Giorgio Armani Corporation, Plaintiffs,**

v.

**BURLINGTON COAT FACTORY WAREHOUSE CORP., et al., Defendants.**

Nos. 94 Civ. 4646 (CBM), 94 Civ. 4813 (CBM), 94 Civ. 5032 (CBM), 94 Civ. 6836 (CBM) and 94 Civ. 5034 (CBM).

United States District Court, S.D. New York.

June 20, 1995.

Amster, Rothstein & Ebenstein, Anthony F. Lo Cicero, New York City, for plaintiffs.

Halperin & Halperin, P.C., Steven T. Halperin and Lisa Reingold, New York City, for defendants Henlar Intern., Inc. and Lawrence B. Schwartz.

*OPINION ON DEFENDANTS' REQUEST FOR A JURY TRIAL*

MOTLEY, District Judge.

**MEMORANDUM OPINION**

**I. Background**

This case arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (1994), and the New York common law doctrine of unfair competition. Plaintiffs are several corporations associated with designer Giorgio Armani. Plaintiffs have placed Defendants in three categories: (1) the retailer defendants; (2) the broker/distributor defendants; and (3) the manufacturer defendants. In essence, Plaintiffs claim that Defendants have engaged in the manufacturing, importation,

distribution, offering for sale, and sale in commerce of counterfeit Armani men's ties and possibly other items. Plaintiffs claim that Defendants's activities constitute willful and intentional infringement of Armani's trademarks or, alternatively, that these activities result from defendants's willful blindness to defendants's trafficking in counterfeit products and, thus, that defendants violated 15 U.S.C. § 1114(1) (1994). Plaintiffs also claim that these activities constitute intentional or, in the alternative, willfully blind use in commerce of false designations of origin and false descriptions and representations, and thus violate 15 U.S.C. § 1125(a) (1994). Plaintiffs further claim that these same activities constitute unfair competition under New York common law. For relief, Plaintiffs seek a preliminary and a permanent injunction, an accounting from the Defendants for all profits resulting from their infringing activities, an increased award under 15 U.S.C. § 1117 (1994), disgorgement, and costs and attorneys's fees.

Defendants Henlar International, Inc. and Lawrence Schwartz request a jury trial in this case based on the alleged presence of equitable claims in the complaint. For the reasons discussed below, this conclusion cannot be supported under present law. Thus, Defendants' request must be denied.

## II. Determining Whether Plaintiffs' Claims Are Equitable or Legal In Nature.

Defendants' argument for their request involves four steps. First, the Seventh Amendment right to a jury trial attaches to cases in which legal claims are asserted. *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564–65, 110 S.Ct. 1339, 1344–45, 108 L.Ed.2d 519 (1990). Second, under the law in the Second Circuit, the general rule states that where a case includes both legal and equitable claims, a request for a jury trial on the legal claims cannot be defeated merely by the presence of the related equitable claims. *See Germain v. Connecticut Nat'l Bank*, 988 F.2d 1323, 1329 (2d Cir.1993); *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.*, 933 F.2d 131, 136 (2d Cir.1991). Third, these

Defendants contend that part of the relief Plaintiffs seek is legal in nature. Specifically, Defendants point to Plaintiffs' claims in the First Amended Complaint for actual damages and for an accounting and disgorgement of profits. Fourth, based on the presence of these legal claims, Defendants conclude that they are entitled to a jury trial.

With regard to the claim for actual damages, Plaintiffs filed a Second Amended Complaint on January 13, 1995, that does not include any claim for such relief. Thus, any arguments concerning actual damages are now moot.

■ As to Plaintiffs' claim for an accounting and disgorgement of profits, the law in the Second Circuit is clear that this is an equitable remedy. According to the Supreme Court, "[t]o determine whether a particular action will resolve legal rights, we examine both the nature of the issues involved and the remedy sought." *Chauffeurs*, 494 U.S. at 565, 110 S.Ct. at 1345. Analysis of the nature of the remedy is the more important of these two considerations. *Id.*

Concerning the nature of the issues involved in the instant case, Defendants' only argument is that where an action for trademark infringement or unfair competition includes a claim for a money judgement, such an action is legal in nature. However, as noted above, Plaintiffs Second Amended Complaint does not include any claim for actual damages. Moreover, in *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537–38 (2d Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 510, 121 L.Ed.2d 445 (1992), the Second Circuit, in a detailed discussion, explained that awards of defendants' profits in trademark infringement suits originated in courts of equity. *Cf. Protexol Corp. v. Koppers Co.,* 12 F.R.D. 7, 8 (S.D.N.Y.1951) (characterizing claims for unfair competition as "essentially equitable in nature" where "[i]njunctions are asked, and, in keeping with equity's object to grant complete relief, an accounting").

Turning to the second prong of the analysis, the *Basch* case makes it clear that in the trademark infringement context, the remedy of disgorgement of profits is equitable in nature. Other cases in this Circuit have

similarly characterized disgorgement in other contexts as an equitable remedy. *See In re Leasing Consultants, Inc.*, 592 F.2d 103, 107 (2d Cir.1979) (bankruptcy); *Swan Brewery Co. v. United States Trust Co. of New York*, 143 F.R.D. 36, 41 (S.D.N.Y.1992) (breach of trust); *Standard Metals Corp. v. Tomlin*, No. 80 Civ. 2983 (CBM), 1982 WL 1300, at *4 (S.D.N.Y. Apr. 14, 1982) (Motley, J.) (securities law). Defendants cite *Dairy Queen v. Wood*, 369 U.S. 469, 478–79, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962) for the proposition that an accounting of profits can be a legal remedy. However, as this court has noted previously, the *Dairy Queen* Court "based its decision on the fact that the predominant claim was for breach of contract and not for equitable relief." *Standard Metals*, 1982 WL 1300, at *4.

Additionally, the Supreme Court has noted that "a monetary award 'incidental to or intertwined with injunctive relief' may be equitable." *Chauffeurs*, 494 U.S. at 571, 110 S.Ct. at 1348. Plaintiffs note that in their Second Amended Complaint they seek injunctive relief, the disgorgement award, and attorneys's fees and costs. To the extent that the injunction is considered the most important aspect of the relief sought, this argues further for the conclusion that Defendants' request for a jury trial must be denied.

■ The Defendants have also pointed to Plaintiffs' request for a statutory trebling of the profit award. However, this is also to no avail. Disgorgement of profits in trademark infringement actions is governed by 15 U.S.C. § 1117 (1994). According to this provision, such awards are, in general, "subject to the principals of equity." 15 U.S.C. § 1117(a) (1994). As to the trebling of an award, the statute dictates as follows:

> In assessing damages under subsection (a) of this section the court *shall*, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages ... in the case of any violation of section 1114(1)(a) of this title ... that consists of intentionally using a mark or designation, knowing such mark or designation is a counterfeit mark ..., in connection with the sale, offering for sale, or distribution of goods or services.

15 U.S.C. § 1117(b) (1994) (emphasis added). This language makes clear that, subject to a finding *by the court* of extenuating circumstances, the trebling of a profit award is mandatory in cases of intentional use of counterfeit goods. Thus, the mere fact that the Plaintiffs are seeking such a trebled award would in no way trigger the Seventh Amendment right to a jury trial.

## CONCLUSION

For all of the foregoing reasons, Defendants Henlar International, Inc.'s and Lawrence Schwartz's request for a jury trial is hereby denied.