GUCCI AMERICA, INC. and Chanel, Inc., Plaintiffs,

v.

ACCENTS; E. Kramer & Company d/b/a Accent on You; Ellen Kramer; Adele Kauff, Inc.; Richard Kauff; Jennifer Kauff; Triangle Trading, Inc. d/b/a Miami Duty Free Zone and Duty Free Zone; Duty Free Brokers Corp.; 1000 Scents, Inc.; Steven Facella a/k/a Steven Fichella; Craig Bennett; Joanna Fels; Windsor Marketing, Inc. a/k/a Windsor Trading; Felco, Inc. a/k/a Felco Bros. Inc. and Felco International Inc.; Consolidated Traders, Inc.; Menachem Fellig a/k/a Mendy Fellig and Max Fellig; Faygiel Fellig a/k/a Faye Fellig and Faygie Fellig; and John Does 1 through 20, Defendants.

No. 96 Civ. 9575(JSR).

United States District Court, S.D. New York.

Feb. 23, 1998.

Milton Springut, Robert Tilewick Kalow, Springut & Bressler, New York City, for Plaintiffs.

Bruce Lederman, Lederman Abrahams Lederman & Zareff, L.L.P., Massapequa, NY, for Fellig Defendants.

Richard Saccocio, Richard M. Saccocio, P.A., Fort Lauderdale, FL, for Triangle Defendants.

Allen Morganstern, Patricia Wilczynski Scully, Scott, Murphy & Presser, Garden City, NY, for Kauff Defendants.

## OPINION AND ORDER

RAKOFF, District Judge.

The trial of this trademark counterfeiting case, scheduled to commence trial next week, presents some nice questions as to which of the parties' disputes are to be resolved by the jury and which by the Court.

The plaintiffs, Gucci America, Inc. and Chanel Inc., accuse the captioned defendants of trafficking in counterfeit trademarked handbags, in violation of the Lanham Trademark Act, 15 U.S.C. § 1051 *et seq.*, and New York common law. By Memorandum Order dated November 4, 1997, the Court dismissed the claims against defendant Faygiel Fellig,[1] but held the remaining defendants liable for trademark infringement as a matter of law. While, in the same Order, the Court initially denied the motion of plaintiff Gucci for leave to further amend its complaint to add claims that the defendants also trafficked in counterfeit trademarked belts, the Court, by telephonic order of January 26, 1998, granted Gucci's motion on reconsideration, finding that plaintiffs had successfully shown that defendants would suffer no material prejudice from the amendment. *See Cresswell v. Sullivan & Cromwell,* 922 F.2d 60,72 (2d Cir.1990).[2]

Accordingly, the following issues remain for trial:

(1) The issues of liability and damages on plaintiffs' common law claims. It is undisputed that these issues are for the jury.

(2) The issues of liability and damages on the Triangle Defendants' cross-claim. It is undisputed that these issues are for the jury.

(3) The issue of whether the defendants are liable for trademark infringement with

---

1. Pursuant to a partial settlement, the Court had already dismissed claims against defendants Accents, E. Kramer & Company d/b/a Accent on You, and Ellen Kramer. *See* Order dated September 29, 1997.

2. In the same telephonic ruling, the Court granted the unopposed motion of defendants Triangle Trading, Inc. d/b/a Miami Duty Free Zone and Duty Free Zone, Duty Free Brokers Corp., 1000 Scents, Inc., Steven Facella a/k/a Steven Fichella, and Joanna Fels (collectively, the "Triangle Defendants") to amend their pleadings to add a cross-claim against certain of the co-defendants.

respect to the Gucci belts. It is undisputed that this is an issue for the jury.

(4) The determination of the amount of actual damages proximately caused by any of the violations for which defendants are liable. It is undisputed that this is an issue for the jury. *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 476–479, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).[3]

(5) The determination of any injunctive relief to be granted on any violations for which defendants are found liable. It is undisputed that this is an issue for the Court.

(6) The determination of whether defendants' trademark infringement was conducted with wilfull deceptiveness, so as to permit plaintiff to recover defendants' profits (in addition to plaintiffs' actual damages) pursuant to 15 U.S.C. § 1117(a). *See George Basch Co., Inc. v. Blue Coral, Inc.,* 968 F.2d 1532, 1540 (2d Cir.1992).

(7) If such wilfull deceptiveness is found, the determination of the amount of defendants' profits recoverable by plaintiffs.

(8) The determination of whether defendants' trademark counterfeiting was intentional, so as to entitle the plaintiffs (absent extenuating circumstances) to recover treble the amount of plaintiffs' actual damages and treble the amount of defendants' profits, pursuant to 15 U.S.C. § 1117(b).

The parties dispute whether issues # 6, # 7 and # 8 are for the Court or the jury. Existing precedent is likewise divided. *Compare, e.g., Oxford Industries, Inc. v. Hartmarx Corp.,* No. 88 C 0322, 1990 WL 65792 (N.D.Ill. May 2, 1990) (claim for profits properly tried to jury) *with G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.,* 888 F.Supp. 44, 46 (S.D.N.Y.1995) (claim for profits did not require jury trial). In this Court's view, the key to resolving these disputes lies in determining the purpose of these additional remedies. *See Tull v. United States,* 481 U.S. 412, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987).

■ Unlike the provision for statutory damages under § 1117(c), *see supra* fn. 3, which provides plaintiffs with an alternative, equitable remedy in situations where the legal remedy of actual damages proves problematic, speculative, or inadequate, plaintiffs' additional recovery of defendants' profits on top of plaintiffs' actual damages, under § 1117(a), and the trebling of plaintiffs' entire recovery upon proof of defendants' wrongful intent, under § 1117(b), largely serve retributive and deterrent purposes. That is why their award is dependent on findings of, respectively, wilfull deceptiveness and intentional counterfeiting, quasi-criminal states of mind the determination of which has historically been the particular province of the jury. Indeed, both before and after the enactment of the Seventh Amendment, the determination of similar remedies, such as punitive damages and multiple damages, were the province of courts of law, not courts of equity. *See Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970).

Here, to be sure, even where there have been findings of wilfull deceptiveness or intentional counterfeiting, section 1117 provides that the Court may still exercise discretion to deny recovery beyond actual damages, either (in the case of defendants' profits) pursuant to general "principles of equity," under § 1117(a), *see George Basch Co.,* 968 F.2d at 1540, or (in the case of trebling the entire recovery) by finding "extenuating circumstances" under § 1117(b). But this in no way alters the conclusion that the threshold determinations of wilfull deceptiveness and intentional counterfeiting— issues # 6 and # 8 above—are for the jury.

■ By contrast, determination of the actual amount of defendants' profits (issue # 7), being more akin to a determination of a fixed amount after liability has been established, does not so clearly impinge on the historical prerogatives of the jury. *See Tull,*

---

**3.** Pursuant to 15 U.S.C. § 1117(c), plaintiffs "may elect, at any time before final judgment is rendered," statutory damages in lieu of actual damages. If plaintiffs so elect, the determination of statutory damages, within the specific guidelines set forth in the statute, is for the Court. *Cf. Oboler v. Goldin,* 714 F.2d 211, 213 (2d Cir.1983) (determination of statutory damages for copyright infringement is for the court rather than jury).

481 U.S. at 427. If, therefore, Congress had expressed a clear intent that such an "accounting" be made by the Court, there would be no violation of the Seventh Amendment in effectuating this intention. *See id.* at 426–427. Instead, however, § 1117(a) simply provides that "The court shall assess such profits and damages or cause the same to be assessed under its direction." This clearly empowers a court, in the exercise of its discretion, to leave the assessment of the amount of such profits to the same jury that will be determining whether there is wilfull deceptiveness. In the instant case, where such a determination involves none of the unusual complexities that led the Supreme Court in *Tull* to leave a somewhat similar determination to the court, *see id.* at 427, this Court will leave the determination to the jury.

Accordingly, the Court holds that determination of each of issues # 6, # 7 and # 8 above will be for the jury in the forthcoming trial of this case.

SO ORDERED.