**THE DAISY GROUP, LTD., Plaintiff,**

v.

**NEWPORT NEWS, INC., Defendant.**

**No. 96 Civ. 2517 MGC.**

United States District Court,
S.D. New York.

March 31, 1998.

---

36. Id.

Glauberman & Kessler, New York, NY, By Robert L. Rotmil, for Plaintiff.

Robin, Blecker, Daley & Driscoll, New York, By Albert Robin, Deborah Davis, Leon Bechet, for Defendant.

## OPINION AND ORDER

CEDARBAUM, District Judge.

This is a suit for trademark infringement under sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125, and New York's anti-dilution statute, N.Y.G.B.L. § 368–d. The Daisy Group, Ltd. ("Daisy") is a manufacturer and marketer of women's apparel. Newport News, Inc. ("Newport") is a catalog company that sells women's apparel directly to consumers. Daisy claims that Newport infringed its registered trademark for women's apparel, "Tummy Toner." The complaint requested injunctive relief, damages, accounting for profits and costs and attorneys' fees. In the joint pre-trial order, however, Daisy omits the request for damages. It seeks only injunctive relief, Newport's profits, and attorneys' fees. Newport moves to strike Daisy's jury demand on the ground that Daisy now seeks purely equitable relief and is not entitled to a jury trial. Defendant's motion is denied for the reasons that follow.

## DISCUSSION

Rule 38 of the Federal Rules of Civil Procedure preserves the "right of trial by jury as declared by the Seventh Amendment ... or as given by a statute of the United States." Fed.R.Civ.P. 38(a). Thus, the initial inquiry on this motion is whether the Lanham Act provides a right of trial by jury.

It is undisputed that the statute is silent on the issue of jury trial. Thus, the Seventh Amendment must be consulted to determine whether Daisy is entitled to a jury trial of this action.

■ The Seventh Amendment guarantees the right to trial by jury "[i]n Suits at common law." This language has been construed to require a jury trial in those actions, including actions created by statute, that are analogous to "Suits at common law" brought in the English law courts prior to the adoption of the Seventh Amendment. *See Tull v. United States,* 481 U.S. 412, 417, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). "The right to a jury trial includes more than the common-law forms of action recognized in 1791; the phrase 'Suits at common law' refers to 'suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered'" *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990) (quoting *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830)) (alteration in original).

■ To determine whether a particular action will resolve legal rights, a court should "examine both the nature of the issues involved and the remedy sought." *Terry,* 494 U.S. at 565. The first step is to compare the action to 18th century actions brought in the courts of England before the merger of law and equity. The second step is to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* The second step, the Supreme Court has instructed, "is the more important." *Id.*

■ Daisy does not dispute that its claims for injunctive relief and attorneys' fees are equitable in nature and do not entitle it to a jury trial. It is well-settled, however, that the presence of equitable claims does not undermine the right to a jury trial of a legal claim in the same case. *See Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 510–511, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). If Daisy's claim for profits is legal in nature, a jury right exists despite plaintiff's requests for other relief that is equitable.

■ Is Daisy's claim for defendant's profits pursuant to section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), legal or equitable? Section 35(a) provides:

> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, or a violation under section 1125(a) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty.

15 U.S.C. § 1117(a). The parties disagree about whether, in the absence of a demand for ordinary monetary damages, a Lanham Act claim for defendant's profits under section 35(a) is legal or equitable. Newport points to several district court opinions, including two by judges of this Court, holding that a claim for profits in a trademark infringement action is equitable in nature and does not entitle the claimant to a jury trial. *See G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.,* 888 F.Supp. 44 (S.D.N.Y.1995); *Merriam–Webster, Inc. v. Random House, Inc.,* 1993 WL 205043 (S.D.N.Y. June 10, 1993), *vacated on other grounds,* 35 F.3d 65 (2d Cir.1994), *cert. denied,* 513 U.S. 1190, 115 S.Ct. 1252, 131

L.Ed.2d 133 (1995); *Ringling Brothers–Barnum & Bailey Combined Shows, Inc. v. Utah Division of Travel Development*, 955 F.Supp. 598 (E.D.Va.1997); *American Cyanamid Co. v. Sterling Drug, Inc.*, 649 F.Supp. 784 (D.N.J.1986). The *Modefine* court concluded that it is "clear" that disgorgement of profits is an equitable remedy, ·888 F.Supp. at 45, citing *George Basch Co. v. Blue Coral, Inc.*, 968 F.2d 1532 (2d Cir.) (declining to decide whether it was appropriate for jury to calculate profits in action for trade dress infringement), *cert. denied*, 506 U.S. 991, 113 S.Ct. 510, 121 L.Ed.2d 445 (1992). *See also Ringling Bros.*, 955 F.Supp. at 605 n. 20 (no right to jury trial because disgorgement of profits is an equitable remedy). Other opinions view the remedy of profits as based on an equitable theory of restitution for unjust enrichment. On this theory, there is no entitlement to a jury trial where the claim is for profits. *See Merriam–Webster*, 1993 WL 205043, at *2–3; *American Cyanamid*, 649 F.Supp. at 789.

Daisy does not seriously attempt to distinguish these cases, but questions their holdings in light of the Supreme Court's decision in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). In *Dairy Queen*, the plaintiff claimed breach of contract and trademark infringement, and it was unclear whether the plaintiff sought recovery in the form of damages for breach of contract or an "accounting" to determine the amount of money owed by defendant for trademark infringement. The Supreme Court held that, regardless of the theory of recovery, the claim was a legal one that gave rise to a right of trial by jury. 369 U.S. at 477. While the trademark claim was "cast in terms of an 'accounting,' rather than in terms of an action for 'debt' or 'damages,' " the court stated that the right to trial by jury "cannot be made to depend upon the choice of words used in the pleadings." *Id.* at 477–478. The court held that plaintiff's claim was legal, since a necessary predicate for maintaining a suit for equitable accounting is the absence of an adequate remedy at law, which only exists in the rare case when the "accounts between the parties" are so complicated "that only a court of equity can ... unravel them." *Id.* at 478. "The legal remedy cannot be characterized as inadequate merely because the measure of damages may necessitate a look into [defendant's] business records." *Id.*

Daisy also relies on *Oxford Indus., Inc. v. Hartmarx Corp.*, 15 U.S.P.Q.2d 1648 (N.D.Ill.1990), a case that found a right to trial by jury in a situation more clearly analogous to this case. In *Oxford*, the plaintiff sought injunctive relief and profits in an action for trademark infringement. Noting that *Dairy Queen* did not distinguish between a claim for damages and a claim for profits, the court examined the historical nature of a claim for profits. It determined that "accounting for profits," while historically granted by equity courts, was not a basis for equitable jurisdiction but merely an ancillary compensatory remedy available when a party sought injunctive relief in the equity courts. *Id.* at 1653. As a general matter, the court noted, trademark rights were legal rights, enforceable at law, and the remedy of accounting was common to both law and equity. *Id.* at 1653–1654. Finally, the court pointed out that an award of profits for trademark infringement "is really a surrogate for damages" available as a rough measure of damages because of the difficulty of proving plaintiff's actual damages. *Id.* at 1654.

The Supreme Court decision in *Dairy Queen* is the controlling authority. In *Dairy Queen*, the Supreme Court held that an action for trademark infringement seeking a money judgment is an action at law, not equity, regardless of the name given to the remedy. Absent a showing that an inquiry into defendant's profits would be "too complicated for the jury adequately to handle alone," 369 U.S. at 478, there is no basis to view plaintiff's requested relief as an equitable accounting. There has been no such showing here.

Moreover, application of the analytical framework set out by the Supreme Court in *Tull* and *Terry* leads to the conclusion that Daisy's claim for profits under the Lanham Act gives rise to a right to trial by jury. Applying the first step of *Tull* and *Terry*, plaintiff's action for trademark infringement is more like an action at law than an action in equity. Trademark rights were historically legal rights, enforceable at law. As the Su-

preme Court held in *Dairy Queen,* an action for trademark infringement is legal, and that conclusion is not altered merely by calling the requested remedy an "accounting." 369 U.S. at 477–478.

Indeed, the action for accounting originated in the common law, not in equity. 4 Pomeroy on Equity Jurisprudence § 1420, at 1076 (5th ed.1941). Accounting for profits was awarded in equity courts only as ancillary relief in cases where another ground for equity jurisdiction existed—typically, the right to an injunction. A claim of accounting for profits, standing alone, did not give rise to equity jurisdiction. *See Basch,* 968 F.2d at 1538 (citing *Hamilton–Brown Shoe Co. v. Wolf Bros. & Co.,* 240 U.S. 251, 259, 36 S.Ct. 269, 60 L.Ed. 629 (1916)). In fact, accountings historically were deemed inherently equitable only in cases between partners and others in certain relationships, or—as the Supreme Court noted in *Dairy Queen*—when an accounting was too complex for a jury to understand. *See Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 443 (7th Cir. 1984); *Dairy Queen,* 369 U.S. at 478.

The second, "more important" step of *Tull* and *Terry* is to determine whether the remedy sought is more legal than equitable in nature. The Second Circuit has explained that there are three distinct bases for an award of profits for a violation of the Lanham Act. Profits are available where (1) the defendant has been unjustly enriched; (2) the plaintiff has sustained damages from the infringement; or (3) such an award is necessary to deter a willful infringer from doing so again. *Basch,* 968 F.2d at 1537. Thus, an award of profits may serve as restitution for unjust enrichment, as "a rough proxy measure of plaintiff's damages," or "to protect the public at large . . . [from] fraud regarding the source and quality of consumer goods and services." *Id.* at 1538–1539.

Whether a profits remedy is more legal than equitable in nature depends on which of these theories provides the basis for the requested profits award. *See Gucci America, Inc. v. Accents,* 1998 WL 78651, at *1 (S.D.N.Y. Feb.24, 1998) (key to determining whether right to jury trial exists on issues related to profits remedy lies in the purpose of the profits remedy; profits award premised on deterrence gives rise to right to jury

trial); *Merriam–Webster,* 1993 WL 205043, at *3 (claim for profits based on a theory of unjust enrichment, a traditionally equitable theory of recovery, is triable without a jury). *But see Ideal World Marketing, Inc. v. Duracell, Inc.,* 997 F.Supp. 334, 338 (E.D.N.Y. 1998) (finding right to jury trial on claim for profits regardless of the basis for a profits award, since right to jury trial cannot depend on "subtle distinctions" between different rationales for profits).

In this case, it is evident that Daisy seeks profits as a rough proxy measure of its damages. In the joint pre-trial order, Daisy has conceded that it has no evidence that it lost sales as a result of the alleged infringement of its trademark by Newport. In fact, the usual difficulty in proving actual damages from trademark infringement is compounded in this case because the parties are not direct competitors—Daisy, a manufacturer, sells its products to retailers, while Newport sells directly to consumers through its catalogs. *See Basch,* 968 F.2d at 1539 (noting that trademark damages are often hard to establish because of the "inherent difficulty in isolating the causation behind diverted sales"). Daisy seeks profits as a "surrogate for damages," an alternative measure of damages because of the difficulty of proving actual lost sales. *See Oxford Indus.,* 15 U.S.P.Q.2d at 1654.

This type of remedy is fundamentally compensatory and legal in nature. Indeed, an award of profits on this theory still requires a plaintiff to "establish its general right to damages." *Basch,* 968 F.2d at 1539. Therefore, a claim for an infringer's profits as a proxy for damages "is more analogous to a suit for damages" than to an equitable action, *Oxford Indus.,* 15 U.S.P.Q.2d at 1654, and entitles the plaintiff to a jury trial.

### CONCLUSION

For the foregoing reasons, defendant's motion to strike plaintiff's jury demand is denied.

SO ORDERED.