ALCAN INTERNATIONAL LIMITED and Solvay Performance Chemicals, A Division of Solvay Specialty Chemicals, Inc., Plaintiffs,

v.

THE S.A. DAY MANUFACTURING CO., INC., Defendant.

No. 94–CV–286H.

United States District Court,
W.D. New York.

April 27, 1998.

Lawrence A. Salibra, John C. Tillman, Cleveland, OH, Edward S. Bloomberg, Phillips, Lytle, Hitchcock, Blaine, & Huber, Buffalo, NY, for plaintiff.

Robert J. Lane, Jr., Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, NY, for defendant.

## DECISION AND ORDER

HECKMAN, United States Magistrate Judge.

Plaintiffs move pursuant to Rule 38 of the Federal Rules of Civil Procedure to strike defendant's jury demand, and defendant cross-moves for an order granting a jury trial. The issue is whether an action for an accounting is a legal claim for damages, or whether it is equitable in nature, in which case there is no right to a jury trial. For the reasons that follow, plaintiffs' motion is denied, and defendant's cross-motion is granted.

### *BACKGROUND*

The complaint, filed on April 18, 1994, seeks injunctive relief and damages under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and New York General Business Law §§ 349 & 350, for product disparagement. On June 14, 1994, defendant answered the complaint and asserted counterclaims for injunctive relief and damages under the Lanham Act, the Sherman Act (15 U.S.C. § 2), and the common law of unfair competition, trade libel, product defamation and injurious falsehood. Defendant's counterclaims are also based on product disparagement. On August 9, 1994, defendant filed a demand for a jury trial "of all claims asserted in the complaint and all counterclaims asserted by defendant" (Item 11).

The parties at this point agree that defendant will not be proving damages against

plaintiffs based on lost profits. Instead, defendant seeks injunctive relief, accounting for profits and costs, and attorneys' fees. Alcan moves to strike S.A. Day's jury demand on the grounds that S.A. Day now seeks purely equitable relief and that S.A. Day's jury demand was untimely.

Oral argument was held before the undersigned on March 3, 1998. Each contention is now discussed in turn.

### DISCUSSION

#### I. Defendant's Demand for a Jury Trial.

 The Seventh Amendment right to a jury trial "[i]n Suits at common law" attaches to cases in which legal claims are asserted, "in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." *Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830); *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564–65, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990). Where a case includes both legal and equitable claims, the right to a jury trial on the legal claims cannot be defeated merely by the presence of the related equitable claims. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 472–73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Germain v. Connecticut Nat'l Bank,* 988 F.2d 1323, 1329 (2d Cir.1993); *William Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 933 F.2d 131, 136 (2d Cir.1991); *Ideal World Marketing, Inc. v. Duracell, Inc.,* 997 F.Supp. 334, 336 (E.D.N.Y.1998).

 In order to determine whether a particular action will resolve "legal" or "equitable" rights, the court must look to (1) the nature of the issues involved; and (2) whether the remedy sought is legal or equitable in nature. *Terry, supra,* 494 U.S. at 565, 110 S.Ct. 1339; *see also Tull v. United States,* 481 U.S. 412, 417–18, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987). In this case, the central issues involve both parties' allegations of violations of § 43(a) of the Lanham Act, which provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word,

term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). The relief recoverable for violations of § 43(a) is set forth at § 35(a), which provides:

(a) When a violation ... under section 1125(a) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award

reasonable attorney fees to the prevailing party.

In determining whether an accounting for profits is legal or equitable in nature, there are two lines of authority. Alcan points to a district court opinion holding that a claim for profits in a trademark infringement action is equitable in nature and does not entitle the claimant to a jury trial. *G.A. Modefine S.A. v. Burlington Coat Factory Warehouse Corp.*, 888 F.Supp. 44 (S.D.N.Y.1995). This case cites *George Basch Co., Inc. v. Blue Coral, Inc.*, 968 F.2d 1532, 1537 (2d Cir.), *cert. denied*, 506 U.S. 991, 113 S.Ct. 510, 121 L.Ed.2d 445 (1992). Alcan argues that the *Basch* case establishes that statutory damages under the Lanham Act based on profits are equitable in nature. *See also Partecipazioni Bulgari, S.p.A. v. Meige*, 1988 WL 113346 (S.D.Fla. May 23, 1988); *Nike, Inc. v. "Just Did It" Enterprises*, 1994 WL 258879 (N.D.Ill. June 9, 1994).

S.A. Day does not attempt to distinguish these cases, but states that they are inconsistent with the Supreme Court's decision in *Dairy Queen, Inc. v. Wood, supra.* S.A. Day also cites several district court cases holding that a claim for an accounting of an infringer's profits is a legal claim to be decided by a jury. *Daisy Group, Ltd. v. Newport News, Inc.*, 999 F.Supp. 548 (S.D.N.Y. 1998); *Ideal World Marketing, Inc. v. Duracell, Inc., supra; Sam's Department Store, Inc. v. Wal-Mart Stores, Inc.*, 1994 U.S. Dist. Lexis 16273 (D.N.H. October 31, 1994); *Grove Fresh Distributors, Inc. v. New England Apple Products Co., Inc.*, 1991 WL 3928 (N.D.Ill. January 11, 1991); *Oxford Industries, Inc. v. Hartmarx Corp.*, 1990 WL 65792 (N.D.Ill. May 2, 1990).

I find the Supreme Court's decision in *Dairy Queen* to be controlling. *Dairy Queen* held that a plaintiff seeking an accounting to determine the amount of money damages due for breach of a trademark licensing contract was entitled to a jury trial. The Supreme Court specifically noted that suits for an accounting were historically considered equitable because the accounts between the parties were "of such a 'complicated nature' that only a court of equity c[ould] satisfactorily unravel them." *Dairy Queen,*

*supra,* 369 U.S. at 478, 82 S.Ct. 894 (quoting *Kirby v. Lake Shore & M.S.R. Co.*, 120 U.S. 130, 134, 7 S.Ct. 430, 30 L.Ed. 569 (1887)). The Court held that the legal remedy of money damages in an infringement case could no longer be characterized as one for which there is no adequate remedy at law because "[a] jury, under proper instructions from the court, could readily determine the recovery, if any, to be had ... whether the theory finally settled upon is that of contract, that of trademark infringement, or any combination of the two." *Id.* at 479, 82 S.Ct. 894. As Justice Harlan stated in concurrence:

> To render [an accounting for alleged trademark infringement] truly 'equitable' it must appear that the substantive claim is one cognizable only in equity or that the 'accounts between the parties' are of such a 'complicated nature' that they can be satisfactorily unraveled only by a court of equity.... A jury, under proper instructions from the court, could readily calculate the damages flowing from this alleged trademark infringement, just as courts of law often do in copyright and patent cases.

*Id.* at 480–81, 82 S.Ct. 894 (Harlan, J., concurring). There has been no showing in this case of any complex accounts between the parties or any other complications that would render the jury's calculation of damages based on an accounting of profits difficult or unmanageable.

Contrary to Alcan's assertions, the Second Circuit's decision in *Basch* does not hold that an accounting of profits under § 35(a) of the Lanham Act is equitable in nature. The Second Circuit explained that there are three distinct bases for an award of profits: (1) where the defendant has been unjustly enriched, (2) where the plaintiff has sustained actual damages, or (3) as a deterrence to future conduct. *Basch, supra,* 968 F.2d at 1537–39. As far as the damages rationale for assessing profits, the Second Circuit noted that "[h]istorically, an award of defendant's profits has ... served as a rough proxy measure of plaintiff's damages ... [since, d]ue to the inherent difficulty in isolating the causation behind diverted sales and injured reputation, damages from trademark or

trade dress infringement are often hard to establish." *Basch, supra* at 1539.

In this case, it is clear that S.A. Day seeks profits as a rough proxy measure of its damages, given the difficulty of establishing damages due to product disparagement. This type of remedy is fundamentally compensatory and legal in nature.

I find that the better line of authority on this issue is set forth in the recent decisions in *Daisy Group* and *Ideal World.* Although these cases involved trademark infringement rather than product disparagement, the rationales apply equally to the claims in this case.

Accordingly, S.A. Day's demand for a jury trial should not be stricken on the ground that its request for an accounting of profits is equitable in nature.

## II. Untimely Demand.

■ Pursuant to Fed.R.Civ.P. 38:

Any party may demand a trial by jury of any issue triable of right by a jury by ... serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue....

The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury.

Fed.R.Civ.P. 38(b), (d). Rule 38 "proceed[s] on the basic premise that a jury trial is waived unless a timely demand is filed." *Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389, 391 (2d Cir.1983). Here, the demand was served and filed eleven days after the time allowed by Rule 38 had expired.

Fed.R.Civ.P. 39(b) provides:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The discretion allowed under Rule 39(b) is to be exercised only where there are special circumstances excusing the untimely demand. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir.1967); *Fabillar v. Loews Corp.,* 1989 WL 272723, at *3 (S.D.N.Y. September 18, 1989). Relevant factors include whether the issues to be tried are jury issues; whether ordering a jury trial would disrupt the schedule of the court or the adverse party; the degree of prejudice to the opposing party; the length of delay resulting from the untimely request for a jury trial; and the reason offered for the untimely request. *Pennington v. Allstate Insurance Co.,* 1996 WL 476007, at *2 (W.D.Mo. August 18, 1996).

■ As demonstrated by the discussion above, the issues in this case may properly be considered by a jury. No trial date has been set, and there is nothing before the court to indicate that allowing the case to proceed to trial by jury would otherwise disrupt the schedules of the court or the parties. Likewise, there has been no claim of delay resulting from the untimely demand. Finally, no prejudice can be claimed by plaintiffs since the jury demand was filed on August 9, 1994 (only eleven days after the service of plaintiffs' response to defendant's counterclaims), and the case has proceeded for more than three years on the assumption that the action would be tried by a jury. *See, e.g., Higgins v. Boeing Co.,* 526 F.2d 1004 (2d Cir.1975).

Accordingly, based on the circumstances presented to the court, I find that all of the claims and counterclaims asserted by plaintiffs and defendant in this case should be tried by a jury, notwithstanding defendant's untimely demand. Defendant's cross-motion pursuant to Rule 39(b) is granted.

### CONCLUSION

For the reasons discussed herein, plaintiffs' motion (**Item 79**) to strike defendant's jury demand is DENIED. Defendant's cross-motion (**Item 82**) for a jury trial of all claims and counterclaims in this case is GRANTED.

**SO ORDERED.**